█ BERNARD CARNEY, Appellant, v. AMERICAN FIDELITY FIRE INSURANCE COMPANY, Respondent. (Action No. 1) BERNARD CARNEY, Appellant-Respond-

ent, v. SCHENECTADY DISCOUNT CORPORATION et al., Respondents-Appellants. (Action No. 2.) SCHENECTADY DISCOUNT CORPORATION, Respondent, v. BERNARD CARNEY et al., Appellants. (Action No. 3.) — MEMORANDUM BY THE COURT. Consolidated appeals from two orders of Special Term. Bernard Carney appeals from the denial of his motion to have the above actions consolidated for trial; the dismissal of his complaint in action No. 2 against the defendant American Fidelity Fire Insurance Company (hereinafter referred to as Insurance Company), and the fifth cause of action in said complaint against all the defendants; and both he and his wife appeal from the dismissal of the third-party complaint and answering counterclaim in action No. 3. All of the defendants in action No. 2, except the Insurance Company, cross-appeal from the denial of their motion for summary judgment in action No. 2. These actions all relate to the purchase of a mobile home by Bernard Carney and its subsequent destruction by fire. It appears that it will serve no useful purpose to set forth in detail all of the facts alleged in the subject pleadings. The record discloses that no answers have been interposed in action No. 2 by the named defendants and that Special Term properly denied the motion for summary judgment. In the present posture of action No. 2 it cannot be said that the cause or causes of action expressed therein against the Insurance Company are identical with that pleaded in action No. 1 and that if such were the case, the joint trial hereinafter directed will prevent a double recovery. It appears that there is a sufficient relationship among the material facts of all of the actions to warrant a joint trial and that the motion made by Carney for such relief in action No. 2 should have been granted and a joint trial of all of the actions ordered. In action No. 2, the dismissal as to defendant Insurance Company of the first, second and third causes of action for insufficiency was improper, that ground not having been specified in the notice of motion, nor even referred to in the moving affidavit; and since Special Term properly concluded that defendants were not entitled to summary judgment of dismissal, we cannot, of course, apply that remedy here. The fifth cause of action was properly dismissed as against all the defendants named therein, for insufficiency, the ground asserted in the notice of motion. The conclusions stated render unnecessary as to certain causes of action and improper as to others the leave to amend granted by Special Term, which plaintiff did not seek in any event (see CPLR 3211, subd. [a], par. 7, as to fifth cause of action). As to the Carneys' counterclaims set forth in their answer in action No. 3, they were properly dismissed as being identical with the causes of action in action No. 2 and the joint trial ordered will protect the Carneys. In action No. 3, the liberal treatment we are required to give to pleadings under the present practice requires that the affirmative defenses stand, as we cannot find, at this stage of the litigation at least, that all are completely unavailing. It seems reasonably certain that at the time the motion was argued, the third-party complaint in action No. 3 was properly found not to be pending before the court. Order dated January 18, 1967 modified by striking therefrom the first and fourth decretal paragraphs and so much of the provisions of the third decretal paragraph as grant leave to amend the complaint, and by adding thereto a provision directing a joint trial of the actions No. 1, No. 2 and No. 3 in Ulster County, and, as so modified, affirmed, without costs. Order dated June 30, 1967 modified by striking therefrom the third decretal paragraph and by adding thereto the direction that the motion to dismiss the affirmative defenses pleaded in the answer be denied, without prejudice, and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, J., concur in memorandum by the court.