■ JULES HAHN, Respondent, v ALLEN C. WYLIE et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered May 27, 1976, denying defendants' motion to dismiss the complaint for the reason that it fails to state a cause of action pursuant to CPLR 3211, unanimously modified, on the law and in the exercise of discretion, to the extent of granting the motion as to defendant Saul I. Radin and dismissing the complaint against him with leave to plaintiff to apply to Special Term within 20 days after the date of this order for leave to replead and, as so modified, affirmed, without costs and disbursements. The complaint, insofar as defendants other than defendant Saul I. Radin are concerned, does state valid causes of action. Defendants contend that the first cause of action for declaratory relief must be interpreted as solely sounding in tort, namely, a conspiracy to breach a contract, and as such is fatally defective for failing to allege wrongful acts. This contention is without merit. CPLR 3017 (subd [b]) provides that "In an action for a declaratory judgment, the demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested and state whether further or consequential relief is or could be claimed and the nature and extent of any such relief which is claimed." The complaint clearly comports with this requirement. Nevertheless, the pleading is insufficient in stating a cause of action against defendant Saul I. Radin, an attorney. It is recognized that "The public interest * * * demands that attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients. However, the mere fact that one is an attorney acting in a professional capacity does not make him absolutely immune from responsibility for his wrongful acts. An attorney may be personally liable to a third party who sustains an injury in consequence of his wrongful act or improper exercise of authority, where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act" (3 NY Jur, Attorney & Client, § 78). No such showing against defendant Rabin has been made. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.