■ SYRANG AERO CLUB, INC., Respondent, v FOREMOST INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. AVEMCO INSURANCE BROKERAGE, INC., Third-Party Defendant-Respondent.—Order unanimously reversed, with costs, and motion denied. Memorandum: Third-party plaintiff Foremost Insurance Company (Foremost) appeals from an order dismissing its third-party complaint against Avemco Insurance Brokerage, Inc. (Avemco) on the ground that the complaint fails to state a cause of action (CPLR 3211, subd [a], par 7). Foremost correctly contends that inasmuch as the asserted ground for the motion was *res judicata,* and since the moving papers assigned no other ground, the order should be reversed *(Mulonet v Lasky,* 39 AD2d 922; *Carney v American Fid. Fire Ins. Co.,* 29

AD2d 795). Had the motion been made pursuant to CPLR 3211 (subd [a], par 7), Foremost would have been entitled to seek leave to replead (CPLR 3211, subd [e]). In so finding, Avemco is not precluded from properly moving to dismiss for failure to state a cause of action, if it be so advised (CPLR 3211, subd [e]; *Higby Enterprises v City of Utica,* 54 Misc 2d 405, affd without opn 30 AD2d 1052). It should be further noted that in dismissing the third-party complaint, the court below relied upon *Carrols Equities Corp. v Villnave* (76 Misc 2d 205, affd without opn 49 AD2d 672). It was determined there that if the allegations contained in the third-party complaint were established, the third-party plaintiff would not be liable and, therefore, the requirement of CPLR 1007 that the third-party defendant be a person who is or may be liable to the original defendant for all or part of the plaintiff's claim, was not satisfied. We are unable to conclude that the relationship of the parties here is comparable to that in *Carrols Equities Corp. v Villnave (supra).* (Appeal from order of Onondaga Supreme Court—dismiss third-party complaint.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.