■ SERGE A. BERVY, JR., et al., Respondents, v BARBARA HOTALING et al., Defendants, and JOHN J. CRIMMONS, III, Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered December 2, 1981 in Albany County, which denied defendant Crimmons' motion to dismiss the complaint as against him for failure to state a cause of action. Plaintiff Serge A. Bervy, Jr., acquired title to a trailer park and subsequently notified defendant Hotaling, a month-to-month tenant, that she had 30 days to vacate the premises. She failed to comply and was served with a 24-hour notice to quit the premises. She retained defendant Crimmons, an attorney, and he obtained a temporary restraining order enjoining plaintiff Serge A. Bervy, Jr., from interfering with Hotaling's peaceful use of the premises. Prior to the hearing, there was an interruption in the trailer park's water service. Hotaling thereafter went to Crimmons' office and caused complaints and warrants to be issued against plaintiffs for harassment and criminal contempt. Both plaintiffs were arrested after the Village Justice signed the arrest warrants. The instant action was subsequently commenced alleging causes of action for abuse of process, malicious prosecution and false arrest. Special Term denied defendant Crimmons' motion to dismiss the complaint as against him for failure to state a cause of action. This appeal ensued. Basically, defendant Crimmons contends that there is no cause of action alleged against him since he merely advised

Hotaling as an attorney that she could file the information against plaintiffs. Initially, we note that we are not here concerned with whether plaintiffs can prove their allegations but only with whether a cause of action has been stated. On a motion such as this, all factual allegations of the complaint are assumed to be true and are to be most liberally construed in favor of the pleader (*Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 980). In light of these well-established principles, we are of the view that a fair reading of the complaint demonstrates that plaintiffs have alleged sufficient facts to sustain the various causes of action. Significantly, this is not a motion for summary judgment. Plaintiffs allege that defendant Crimmons' acts were done maliciously, deliberately, and willfully and with the express intent and design to disgrace and harass plaintiffs. An attorney, under proper circumstances, may be personally liable to a third party for his wrongful acts or improper exercise of authority where he is guilty of fraud or collusion or of a malicious or tortious act (*Gifford v Harley,* 62 AD2d 5, 7; *Hahn v Wylie,* 54 AD2d 629). There must be an affirmance. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.