■ ANN MacDONALD et al., Respondents, v ROBERT B. HOWARD, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered June 4, 1982 in Albany County, which denied defendant Robert B. Howard's motion to dismiss the complaint. This is an action for damages for personal injuries sustained when plaintiff, a real estate sales person, fell on an icy surface while exiting from her place of employment

located in a building owned by defendant Robert B. Howard. In his third-party action, defendant owner has cross-claimed over against the tenant, plaintiff's employer. Special Term denied defendant's CPLR 3211 (subd [a], par 7) motion to dismiss the complaint on the ground plaintiff fell on the sidewalk, ergo, the municipality, not the abutting landowner, is liable. We note at the outset the well-known principle that on a motion to dismiss for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint liberally construed in plaintiff's favor (*Barr v Wackman,* 36 NY2d 371, 375; *Bervy v Hotaling,* 88 AD2d 735, 736; *Howard Stores Corp. v Pope,* 1 NY2d 110, 114). The court may consider affidavits (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635) and the bill of particulars (*Nader v General Motors Corp.,* 25 NY2d 560). We are not here concerned with whether plaintiff can prove her allegations but only with whether a cause of action has been stated (*Kober v Kober,* 16 NY2d 191, 193; *Bervy v Hotaling,* 88 AD2d 735, *supra*). If in any aspect upon the facts alleged plaintiff is entitled to recover, the complaint must be sustained (*Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979). Against this background, plaintiff's complaint, bill of particulars, examination before trial and opposing affidavits all show that she alleges she fell while taking her first or second step out of the front door of the premises on what has been characterized as a sloping exitway abutting the sidewalk. Further, she alleges that water from the melting snow running off defendant's building froze, causing the surface to become icy. An ambiguity has been created as to whether the exact spot on which she fell was an entranceway to the building, or a city-owned sidewalk. She charges that defendant was negligent in his failure to properly and safely maintain the entranceway; in creating a hazard on his property; and in failing to take corrective action to abate the hazard or give warning to plaintiff. Defendant correctly argues that the general rule is that the municipality (in the absence of charter, statute or ordinance), not the abutting landowner, is liable for dangerous or defective conditions on public sidewalks (*City of Rochester v Campbell,* 123 NY 405), and for failure to remove snow and ice (*Roark v Hunting,* 24 NY2d 470). It is equally correct that an abutting landowner is liable if, by artificial means, snow and ice are transferred from the abutting premises to the sidewalk; or if, by such artificial means, water from the property is permitted to flow onto the public sidewalk where it freezes (*id.,* at p 475). From this record, we find that plaintiff has set forth allegations (described above) sufficient to state a cause of action couched in defendant's negligence (see *Roark v Hunting,* 24 NY2d 470, 475, *supra*). Special Term correctly denied defendant's motion to dismiss the complaint. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.