■ JOSEPH SEFCHECK et al., Respondents, v TOWN OF NEW HARTFORD, Appellant. — Order unanimously affirmed, with costs, for reasons stated at Special Term, McLaughlin, J. (Appeal from order of Supreme Court, Oneida County, McLaughlin, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.

■ JOHN TAYLOR, III, an Infant, by LOUISE TAYLOR, His Mother and Natural Guardian, et al., Respondents, v JOSEPH SEFCHECK, Defendant, and TOWN OF NEW HARTFORD, Appellant. — Order unanimously reversed, without costs, motion granted and complaint dismissed, without prejudice, in accordance with the following memorandum: Contrary to the implications in the decision at Special Term, the complaint does not allege that the town was actively negligent in creating the hazard in its sanding and plowing operations. As to those aspects of the complaint pertaining to ice and snow, it is deficient because there is no allegation of compliance with the written notice requirement of subdivision 1 of section 65-a of the Town Law. Nor does the complaint, unlike the pleading in the companion action (*Sefcheck v Town of New Hartford*, 96 AD2d 1144) contain an allegation that the town was negligent in failing to provide adequate safeguards to prevent vehicles from leaving the roadway and falling into the culvert. The complaint is therefore dismissed. In view of the complaint in the companion action and the evidence adduced in the examinations before trial, we, in the exercise of discretion, grant plaintiff 20 days in which to serve an amended pleading. (Appeal from order of Supreme Court, Oneida County, McLaughlin, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman, and Boomer, JJ.