■ DONALD C. GRAY et al., Respondents, v ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant. EDWARD W. GARRETT et al., Respondents, v ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant. — Order, insofar as appealed from, unanimously reversed, without costs, and defendant's motion to dismiss second cause of action granted in accordance with the following memorandum: Special Term should have dismissed plaintiffs' second cause of action with leave to replead. Although Special Term recognized and plaintiffs concede that their second cause of action fails to state a claim for breach of warranty, Special Term found that it could be interpreted as stating a claim for breach of a third-party beneficiary contract. Under our liberal pleading rules a motion to dismiss should be denied if any cause of action may be discerned from the pleadings (see *Foley v D'Agostino*, 21 AD2d 60); nevertheless, the allegations must be sufficient to give notice to the opposing party and to establish the material elements of the claim. Where, as here, a material element is lacking and the allegations make it difficult for defendant to answer, the complaint

should be dismissed with leave to replead (see *Taylor v Sefcheck,* 96 AD2d 1144; *Shapolsky v Shapolsky,* 22 AD2d 91). Our determination should not be read as passing on the merits of plaintiffs' claim, but merely that inasmuch as it purports to state only a claim for breach of warranty, it is insufficient to apprise defendant of the elements of a claim on the purported third-party beneficiary theory so that it can frame an appropriate response (see Siegel, NY Prac, § 208). (Appeal from order of Supreme Court, Genesee County, Morton, J. — dismiss cause of action.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.