■ ROLAND PIETROPAOLI TRUCKING, INC., Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered February 7, 1982 in Albany County, which, *inter alia,* denied defendant's motion to dismiss plaintiff's second, third and fourth causes of action. ¶ Defendant's computer failed to properly credit insurance premiums made by plaintiff and caused notices of cancellation to be mailed to seven of plaintiff's customers who required that insurance coverage be maintained. Within one week and prior to the effective date of cancellation, the error was discovered and letters sent to the customers explaining and correcting it. Special Term partially granted defendant's CPLR 3211 (subd [a], par 7) motion dismissing the first cause of action for libel, but denied dismissal of the remaining causes which the court held were grounded in intentional tort, negligence and breach of contract. Defendant has appealed. ¶ Initially, we note that judicial review of decisions upon CPLR 3211 (subd [a], par 7) motions is limited. Under that section, the well-known principle is that every fact alleged must be assumed to be true and the complaint, or cause of action, liberally construed in plaintiff's favor (*Barr v Wackman*, 36 NY2d 371, 375; *Howard Stores Corp. v Pope*, 1 NY2d 110, 114; *Bervy v Hotaling*, 88 AD2d 735, 736). The concern is not whether a plaintiff can prove its cause of action, but only whether one has been stated (*Kober v Kober*, 16 NY2d 191, 193). If it is possible upon the facts alleged for plaintiff to recover, the complaint (or causes of action) must be sustained (*MacDonald v Howard*, 91 AD2d 1119, 1120; *Matco Elec. Co. v Plaza Del Sol Constr. Corp.*, 82 AD2d 979, app dsmd 55 NY2d 748). ¶ These principles in mind, we hold that there should be an affirmance. Nowhere in the moving papers has defendant addressed the second, third and fourth causes of action, electing instead to specifically attack only the insufficiency of the cause of action for libel. A movant must specify in its motion papers and affidavits the precise alleged defects in the complaint (*Syrang Aero Club v Foremost Ins. Co.*, 54 AD2d 1095; *Carney v American Fid. Fire Ins. Co.*, 29 AD2d 795). With respect to the motion pursuant to CPLR 3211 (subd [a], par 7), "[t]he criteria for determining such a motion is [*sic*] akin to that used to decide a motion for summary judgment * * * and the proof must be convincing"

(Siegel, NY Prac, § 265, p 325). The record shows that both the notice of motion and supporting affidavits are solely directed toward the allegation of libel. It is only in its brief upon this appeal that defendant urges that the remaining three causes of action should also have been dismissed. This court has consistently held that matters not raised below will not be considered for the first time on appeal (*Todd v Krolick,* 96 AD2d 695, 696; *Board of Trustees v Pyramid Cos.,* 51 AD2d 414, 416). ¶ Nor do we find that defendant has demonstrated entitlement to summary judgment (sought in the alternative) pursuant to CPLR 3212. "To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). We find the required showing sufficient to dismiss the second, third and fourth causes of action has not been made here. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., dissents and votes to modify in the following memorandum.
Levine, J. (dissenting). I respectfully dissent. Defendant's motion to dismiss under CPLR 3211 (subd [a], par 7) expressly attacked the legal sufficiency of the *entire* complaint, not merely that of the first cause of action. This distinguishes the instant case from *Carney v American Fid. Fire Ins. Co.* (29 AD2d 795) and *Syrang Aero Club v Foremost Ins. Co.* (54 AD2d 1095), relied upon by the majority to uphold Special Term's refusal to dismiss the second through fourth causes of action because of shortcomings in defendant's moving affidavits. In *Carney,* the dismissal of certain causes of action for legal insufficiency was reversed because that ground was not specified either in the notice of motion *or* referred to in the moving affidavits. Similarly, in *Syrang Aero Club,* the court reversed a dismissal for failure to state a cause of action because the sole ground for dismissal set forth in the moving papers was *res judicata* (CPLR 3211, subd [a], par 5). In each instance, the total failure to designate legal insufficiency as a basis for the motion was deemed significant because without such forewarning, the plaintiff could not have been expected to include in opposing papers a request for leave to replead (CPLR 3211, subd [e]). Moreover, here defendant sought the alternative remedy of summary judgment, wherein the issue is not the sufficiency of the pleading, but whether the showing of evidentiary facts in the moving and opposing affidavits of persons having firsthand knowledge of the facts discloses conclusively that plaintiff cannot recover on any theory covered by the pleadings. In contrast to the motion to dismiss under CPLR 3211, the summary judgment section (CPLR 3212) does not delineate a series of alternative legal grounds for granting the motion. Actually, the majority's objection to defendant's moving papers is the failure of defendant's attorney's affidavit specifically to identify the legal rationale for the insufficiency of the second through fourth causes of action. This failure, however, is irrelevant for purposes of summary judgment, since on such a motion, neither defendant's attorney's affidavit nor, for that matter, plaintiff's attorney's affidavit, has any probative value (*Zuckerman v City of New York,* 49 NY2d 557, 563). Whether any outstanding issue of fact existed here requiring a trial must be determined on the basis of the affidavits submitted on the motion by persons having knowledge of the facts, in this case, the affidavits of defendant's employee and of plaintiff's president. Therefore, it seems to me, any shortcomings in defendant's attorney's affidavit cannot stand as an excuse for avoiding reaching the merits of its motion for summary judgment by analysis of the averments of those affiants having knowledge of the facts. ¶ On the basis of those affidavits, I conclude that summary judgment dismissing the complaint should have been granted. As described in the

affidavit of defendant's employee Lynn Wentworth, supervisor of billing in defendant's commercial service unit, the erroneous issuance of the notices of cancellation for nonpayment of premiums was attributable to the failure of a computer operator to take into account that plaintiff's premium payments were to be applied to a total of four policies under which plaintiff was provided insurance coverage, and to program the computer appropriately therefor. Consequently, the computer failed properly to credit premium payments toward two of the four policies and then automatically reported nonpayment as to those policies and released the notices of cancellation. Within a matter of only five days thereafter, the error was discovered and corrected and apologetic letters retracting the cancellation notice were sent to all persons who had received it. The affidavit in opposition by plaintiff's president does not refute the clear assertion that the sending of the notices of cancellation was the result of pure inadvertence, without any actual malice whatsoever. Plaintiff also impliedly admitted that it suffered no special damages by way of loss of business, additional insurance expense, or otherwise. Aside from general conclusory assertions that the notices injured plaintiff's business reputation, the only damages referred to in the opposing affidavit are "aggravation" and "increased hours" spent in reassuring customers of plaintiff's sound financial condition. These averments were insufficient as a matter of law to create any triable issue, the favorable resolution of which could sustain recovery on plaintiff's remaining causes of action. ¶ Plaintiff's second cause of action for prima facie tort, like the dismissed first cause of action for libel, requires proof of infliction of intentional harm, resulting in damages, without excuse or justification (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). The failure of plaintiff's affidavit to set forth evidentiary facts in admissible form to establish these elements is as fatal to plaintiff's second cause of action as it was to its cause of action for libel. ¶ The third cause of action is based upon a breach of contract theory. Since, concededly, coverage on plaintiff's policies with defendant never lapsed, nor was plaintiff required to make any additional premium payments to continue coverage, there was never any actual breach of the contracts of insurance. At most, plaintiff is relegated to claiming in this cause of action that the notice of cancellation constituted an anticipatory breach. However, for there to be such an anticipatory breach, the repudiation must go to the entire contract and be absolute and unqualified (22 NY Jur 2d, Contracts, § 389, pp 298-299). Clearly, the 10-day notice of cancellation here, mailed to a few customers, and further advising that "we will notify you promptly if cancellation is withdrawn", is not such a total, absolute repudiation (see *New York Life Ins. Co. v Viglas,* 297 US 672, 676-678; *Mobley v New York Life Ins. Co.,* 295 US 632, 636-638). Moreover, the notices were effectively rescinded, with apologies, well before the date cancellation was to be effective. Plaintiff's affidavit fails to disclose that, within the five-day period between notice of cancellation and its withdrawal, plaintiff in any way materially changed its position in reliance on defendant's repudiation. Under such circumstances, defendant's retraction of the notice nullified any effect that the cancellation notice may have had as an anticipatory breach (4 Corbin, Contracts, § 980, pp 930-931; *cf.* Uniform Commercial Code, § 2-611). ¶ Plaintiff's fourth cause of action is grounded in negligence, based upon defendant's failure to recheck plaintiff's account and to verify nonpayment of premiums before sending out the notices of cancellation. Obviously, no cause of action in negligence arises solely from the *internal* office computer report of plaintiff's default in premium payments; that alone could not have resulted in any damage to plaintiff unless and until it was relied upon by defendant to take some *external* action detrimental to plaintiff. The papers conclusively establish that the only action taken by defendant in reliance upon the computer error

was the communication thereof to plaintiff's customers through the cancellation notice. Thus, any viability of plaintiff's fourth cause of action has to be based on the negligent sending of the notice. Therefore, the fourth cause of action is in reality one for negligent misrepresentation or negligent use of language (see *Williams v State of New York,* 90 AD2d 861, 862; *Graney Dev. Corp. v Taksen,* 92 Misc 2d 764, 765, affd 66 AD2d 1008). Such an action only applies, however, in favor of a plaintiff who has relied upon the misrepresentation or statement to his detriment (*Williams v State of New York, supra; Graney Dev. Corp. v Taksen, supra*). Since, concededly, plaintiff did not so rely in the instant case, its fourth cause of action must also fail. ¶ For all of the foregoing reasons, the order of Special Term should be modified, and the entire complaint should be dismissed.