■ JAMES C. MOORE, Respondent-Appellant, v JOANNE H. JOHNSON, Appellant-Respondent and Third-Party Plaintiff-Appellant. ROY L. LEAKE et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals from a judgment of the Supreme Court, Westchester County (Buell, J.), entered June 9, 1987, which dismissed the third-party complaint, and a judgment of the same court dated September 4, 1987, which is in favor of the plaintiff and against her in the principal amount of $80,100. The plaintiff cross-appeals from the judgment dated September 4, 1987 upon the grounds, *inter alia,* of inadequacy.

Ordered that the judgment entered June 9, 1987 is reversed, without costs or disbursements, the third-party complaint is reinstated, the third-party action is severed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings thereon; and it is further,

Ordered that the judgment dated September 4, 1987 is affirmed, without costs or disbursements.

The plaintiff, who was employed by the third-party defendant County Van & Storage, Inc., was injured while riding in a "step-in" type van owned by the third-party defendant Frank Lucchesi and driven by the third-party defendant Roy L. Leake. The plaintiff was seated atop the cover of the motor in the van, in which the passenger seat had been removed. The accident occurred when the defendant Joanne H. Johnson's automobile crossed the road and struck the van, causing it to overturn.

We find that Johnson adequately stated a cause of action against the third-party defendants. It is well settled that "[t]he test of the sufficiency of a complaint is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" *(Pace v Perk,* 81 AD2d 444, 449; *Foley v D'Agostino,* 21 AD2d 60, 62-65; *Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275). Charges amplified in a bill of particulars are to be taken into account in considering the sufficiency of the challenged causes of action *(see, Nader v General Motors Corp.,* 25 NY2d 560, 565). Testimony at examinations before trial may also be considered *(see, MacDonald v Howard,* 91 AD2d 1119).

At bar, the amended third-party complaint alleged negligent maintenance of the van. The pleading was sufficiently ampli-

fied in Johnson's bill of particulars and by EBT testimony *(see, Nader v General Motors Corp., supra; MacDonald v Howard, supra)* to adequately apprise the third-party defendants of the transactions and occurrences intended to be proved *(see, Pace v Perk, supra)*. We further find that Johnson should be permitted to call an expert to testify with respect to the consequences of the plaintiff not having a secured seat during the course of the accident, despite counsel's having informed the third-party defendants that Johnson did not plan to offer expert testimony. "Liberality should be exercised in granting postponements or continuances of trials to obtain material evidence and to prevent miscarriages of justice" *(DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 241).

Since the proposed expert testimony concerns an issue grounded in the pleaded facts, rather than expounding a new or alternate unpleaded theory of liability, allowing the expert to testify cannot be deemed prejudicial *(see, DiMauro v Metropolitan Suburban Bus Auth., supra,* at 240). Experts for both sides would be equally constrained by the present unavailability of the van for inspection.

The court erred in ruling that defense counsel's alleged off-the-record concession of liability, which did not occur in the court's hearing and which consisted of his merely stating, during the course of jury selection, that the driver of Johnson's vehicle crossed the center line of the highway, could be considered the functional equivalent of a settlement or release under General Obligations Law § 15-108 (c), which prohibits a settling defendant from seeking further contribution, since General Obligations Law § 15-108 (c) contemplates, in essence, a tort-feasor buying his release in return for bargained-for consideration *(see, e.g., Mitchell v New York Hosp.,* 61 NY2d 208, 215-216; *Salonia v Samsol Homes,* 119 AD2d 394; *Dury v Dunadee,* 52 AD2d 206, 207-208). In this case the effect of Johnson's concession, rather than to extinguish the third-party complaint, was to promote the interests of judicial economy by obviating the need to prove the conceded fact.

We have considered the third-party defendants' further contentions and find them without merit.

With respect to the plaintiff's cross appeal, we find that the plaintiff did not meet his burden in opposing a missing witness charge with respect to his treating physician. It is well settled that one opposing such a charge must demonstrate that the witness is unavailable or not under his control, or that the testimony such witness might offer would be cumula-

tive rather than material or substantial *(see, Chandler v Flynn,* 111 AD2d 300, 301-302).

We find that the verdict, which reflected the jury's finding that the plaintiff was not permanently disabled, was supported by a credible view of the evidence and as such, should not be disturbed *(see, Bivona v Port Auth.,* 118 AD2d 747, 748-749; *Sheps v Hall & Co.,* 112 AD2d 281, 283).

We have reviewed the plaintiff's further contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.