OPINION OF THE COURT
William Rigler, J.
The matter having come on to be heard before this court and both parties having submitted papers, the court determines the order to show cause and cross motion as follows:
In this application, petitioner, for the benefit of her three infant children, seeks to obtain visitation for her children with their two half siblings. The issue of visitation between half siblings is a novel legal question that raises many complex and personal issues. This is especially true when, as in the case at bar, the court has already made a determination that the natural father of the children (petitioner’s husband) *639 be denied visitation with two of the children (the issue of his previous marriage).
FACTS
James Noonan married Christina Noonan on August 21, 1975. They had two children from that marriage: Kenneth Noonan born July 16, 1976 (13) and Antoinette Noonan born June 25, 1978 (11). James and Christina Noonan were divorced on April 3, 1985 and both children presently reside with their natural mother, respondent, Christina Noonan. James Noonan then married petitioner Maria Noonan on June 8, 1986. They also have two children: Anthony Noonan born April 8, 1987 (2) and Isabella Noonan born September 29, 1988 (1). Petitioner Maria Noonan also has a child from a prior marriage, Nicole Noonan born December 18, 1980 (9), who resides with her, James, Anthony and Isabella.
According to the terms of the April 3, 1985 judgment of divorce which incorporated a separate agreement entered into by Christina Noonan and James Noonan, Christina Noonan was granted custody of the two children Kenneth and Antoinette, while James Noonan was granted visitation rights. On more than one occasion, James Noonan violently assaulted Christina Noonan resulting in numerous orders of protection from the Kings County Family Court. Christina Noonan thereafter brought an order to show cause in October 1988, inter alla, to suspend visitation by James Noonan. In this order to show cause, the request was made for a temporary restraining order (T.R.O.) restraining James Noonan from undertaking visitation. This T.R.O. was stricken by Justice Martin Schneier when the order to show cause was signed. However, the Appellate Division, Second Department, reinstated this T.R.O. to read as follows: "Ordered that pending the hearing and determination of the instant motion, the defendant [James Noonan] be and hereby is restrained from exercising any periods of visitation with either of the two infant issue [Kenneth and Antoinette Noonan].” The motion came to be heard before Judicial Hearing Officer (J.H.O.) Dominick Corso. After a hearing J.H.O. Corso rendered a decision on June 30, 1989, stating in pertinent part:
"There is no question that defendant [James Noonan], did violently and viciously attack and severely bruise and injure the plaintiff Christina Noonan in the presence of his children [who] were struck several times.
*640 "The defendant has a history of violence committed on the plaintiff during the marriage and after the divorce resulting in orders of protection issued by the Family and Criminal Courts.
"The children in this proceeding were interviewed in camera by this court. They expressed fear and extreme anxiety. The court is satisfied from the results of this interview that visitation must be discontinued.”
Despite the judicial determination that James Noonan be denied visitation with Kenneth and Antoinette, petitioner on behalf of her children now asks this court to grant them visitation with Kenneth and Antoinette. Petitioner alleges that it is in the best interest of her children to maintain contact with their half siblings. She does recognize that James Noonan cannot be present during visitation nor have access to the children during each period of visitation.
THE LAW
The threshold question that must be answered before this motion can be considered is whether petitioner, on behalf of her children, has standing to ask for the requested relief, namely, visitation with the children’s half siblings. If this inquiry is answered in the negative, the proceeding must be dismissed. The New York Legislature recently added section 71 of the Domestic Relations Law concerning a special proceeding or writ of habeas corpus to obtain visitation rights. This section is especially pertinent to the issue before us. The amendment was approved and effective July 10, 1989 which makes it clearly applicable to the present case. The amendment in its entirety states:
"Special proceeding or habeas corpus to obtain visitation rights in respect to certain infant siblings
"Where circumstances show that conditions exist which equity would see fit to intervene, a brother or sister or, if he or she be a minor, a proper person on his or her behalf of a child, whether by half or whole blood, may apply to the supreme court by commencing a special proceeding or for a writ of habeas corpus to have such child brought before such court, or may apply to the family court pursuant to subdivision (b) of section six hundred fifty-one of the family court act; and on the return thereof, the court, by order, after due notice to the parent or any other person or party having the care, custody, and control of such child, to be given in such manner *641 as the court shall prescribe, may make such directions as the best interest of the child may require, for visitation rights for such brother or sister in respect to such child.”
Upon a careful reading of the aforementioned statute, it becomes apparent that petitioner Maria Noonan, on behalf of her children Isabella and Anthony, does have standing to bring this proceeding. However, it is ordered that this proceeding be dismissed with regard to Nicole Noonan, because she has no standing to proceed under section 71 of the Domestic Relations Law due to the fact that she is not a half sibling of respondents Kenneth and Antoinette Noonan.
Accordingly, it is ordered that a hearing is necessary to determine what is in the best interest of all the children regarding the issue of visitation. The court notes that this is not part of a matrimonial proceeding and thus should have been brought in the regular Civil Part. However, in light of the previous disposition of the case, the matter should be referred to Judicial Hearing Officer Curso to "hear and determine” upon the consent of all parties, and if they do not consent then it shall be to "hear and report”.