OPINION OF THE COURT
William H. Keniry, J.
This action relates to events stemming from a pending divorce action between Gerald A. Harley and Jacqueline A. Harley. The plaintiff Amanda Harley is the 20-year-old daughter of the divorce litigants. There are two other daughters of the litigants, Andrea and Aimee. Since the parents separated in September 1984, an exceedingly vitriolic battle has raged between spouses over the issues of custody and visitation. This battle has engulfed the whole family.
The parents, in November 1984, retained the defendant Joseph V. Druzba, a certified social worker, to counsel the family in an effort to resolve the visitation problems which developed shortly after the parents separated. The visitation problems were, to say the least, not resolved by Druzba’s counseling. The situation deteriorated to the point that, until recently, the youngest child Aimee had no contact with her father and her two sisters for over four years.
Plaintiff herein sues the social worker, her mother and maternal grandmother. At issue now is the viability of certain of the causes of action alleged against the defendant Druzba. Issue has not been joined. Druzba moves to dismiss the plaintiffs first, third, fourth, fifth and sixth causes of action on the ground that each fails to state a cause of action (CPLR 3211 [a] [7]). The first cause of action alleges that Druzba was negligent in his counseling thereby depriving plaintiff of visitation with her two sisters. In short, a loss of sibling consor *566 tium is claimed. The third cause of action alleges that defendant Druzba committed the tort of custodial interference. The fourth alleges a breach of contract. The fifth sets forth the allegation that Druzba’s conduct constituted the tort of invasion of privacy. The sixth cause of action alleges that Druzba willfully and maliciously interfered with plaintiff’s right of sibling visitation and that such conduct constitutes the tort of intentional infliction of emotional harm.
Plaintiff opposes the motion.
The test which the court must apply in deciding whether a cause of action is stated is "whether claimant has a cause of action, not whether one has been stated in the complaint” (Brown v State of New York, 125 AD2d 750, 751, lv dismissed 70 NY2d 747; see also, Burdett Radiology Consultants v Samaritan Hosp., 158 AD2d 132). The court must liberally construe the complaint in plaintiff’s favor, deem each allegation therein to be true and accord the plaintiff every favorable inference which may be drawn (Barr v Wackman, 36 NY2d 371; MacDonald v Howard, 91 AD2d 1119).
Does the law recognize a right of visitation between siblings? The answer to that question is key to the resolution of this motion.
The courts have long recognized the natural right of a parent to visit with his or her children (Weiss v Weiss, 52 NY2d 170, 174-175). However, the law has not until recently recognized any right on behalf of other family members to visitation. In 1966, the Legislature enacted Domestic Relations Law § 72 to provide grandparents with the right to seek visitation with their grandchildren in certain circumstances (L 1966, ch 631). The statute created no substantive or absolute right of grandparent visitation but rather established a procedural vehicle for grandparents to apply to the court for visitation (Lo Prestí v Lo Prestí, 40 NY2d 522). In 1989, the Legislature enacted Domestic Relations Law §71 to provide for the first time, a procedural vehicle for a sibling to seek court permission for visitation with a sibling (L 1989, ch 318; State ex rel. Noonan v Noonan, 145 Misc 2d 638).
The enactment of section 71 signifies, at the very minimum, legislative recognition of the right of siblings to seek visitation with each other provided that the best interests of the children are served. In her complaint, plaintiff alleges that defendant Druzba’s negligence in his counseling resulted in her loss of visitation with her siblings. In view of the legisla *567 tive recognition of plaintiffs right to seek court-ordered visitation, the court finds that the first cause of action should not be dismissed at this early stage of the litigation.
In the third cause of action, plaintiff alleges that defendant Druzba "deliberately tried to influence Andrea and Aimee to go live with and stay with their mother and not visit or live with the plaintiff and her father” and that such conduct constitutes the tort of custodial interference. The court finds no legal authority under which plaintiff can claim a right of custody over a minor sibling, particularly when both parents are alive. Having no legal right to custody of a sibling, plaintiff does not possess a cause of action for custodial interference. The third cause of action is dismissed.
With respect to the fourth cause of action, the defendant Druzba’s motion is granted. Paragraph 20 of the complaint alleges only that plaintiffs father and mother retained defendant Druzba. As there is no contract alleged between plaintiff and defendant Druzba, there can be no cause of action for breach of contract.
The common-law tort of invasion of privacy is not recognized in New York (Roberson v Rochester Folding Box Co., 171 NY 538; see generally, 44 NY Jur 2d, Defamation and Privacy, § 185 et seq.). The only right of privacy recognized in New York is statutory (Civil Rights Law art 5). The allegations set forth in the fifth cause of action of the complaint do not fall within the purview of the statutory proscriptions. The plaintiffs fifth cause of action is dismissed.
The sixth cause of action alleges that defendant Druzba’s conduct in interfering with plaintiffs visitation rights constitutes the tort of intentional infliction of emotional harm. This court, in a related action, analyzed in great detail the viability of such a cause of action within the context of a matrimonial dispute (Harley v Harley, Sup Ct, Rensselaer County, Sept. 30, 1989, Keniry, J.). The court reasoned in that case that an action by a spouse against a spouse and a mother-in-law for the intentional infliction of emotional distress did not lie for policy reasons.
In this case, the sixth cause of action is asserted against a social worker by a member of the family unit he counseled. The counseling stemmed from a marital dispute and the gravamen of the claim is identical to that raised in Harley v Harley (supra). The defendant Druzba first became embroiled in the Harley matrimonial litigation as an outside mediator. *568 Subsequently it is alleged that he filed certain reports and affidavits which resulted in plaintiff’s loss of visitation with her siblings. Despite the claim that defendant’s conduct was willful and malicious, the court finds no reason to depart from its earlier decision that a cause of action for the intentional infliction of emotional distress is not stated under such circumstances. The sixth cause of action is dismissed.
Defendant Druzba’s motion is granted to the extent that plaintiff’s third, fourth, fifth and sixth causes of action are dismissed without costs.