■ JANE DOE, Appellant, v RICHARD M. HEATH, as Director of MOHAWK VALLEY PSYCHIATRIC CENTER, et al., Respondents. [605 NYS2d 1012] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioner has been an involuntary patient at the Mohawk Valley Psychiatric Center (MVPC) since 1984, and presently resides in a ward in the Continuing Care Unit. Prior to September 1991, petitioner's ward had a designated smoking area. In September 1991, smoking restrictions were gradually initiated on a facility-wide basis and, in January 1992, a complete smoking ban was put into effect.

After mounting an unsuccessful administrative appeal, peti-

tioner commenced this proceeding challenging MVPC's policy by order to show cause, seeking a declaratory judgment and relief pursuant to CPLR article 78 in eight causes of action. Respondents moved to dismiss, pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion and dismissed the petition (designated complaint-petition).

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see also, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). The allegations of the contested pleading should be liberally construed in the light most favorable to that pleading *(Cohn v Lionel Corp.,* 21 NY2d 559; *Miller v Kastner,* 100 AD2d 728; *Pietropaoli Trucking v Nationwide Mut. Ins. Co.,* 100 AD2d 680), and every fact alleged in the pleading must be assumed to be true *(Pietropaoli Trucking v Nationwide Mut. Ins. Co., supra; Burlew v American Mut. Ins. Co.,* 99 AD2d 11, *affd* 63 NY2d 412). Applying those well-settled standards, Supreme Court erroneously dismissed the entire petition. Three of petitioner's eight causes of action, those numbered third, fourth and eighth, state legally cognizable causes of action. The court was correct, however, in dismissing the first, second, fifth, sixth and seventh causes of action.

The judgment of Supreme Court is, therefore, modified by reinstating petitioner's causes of action numbered third, fourth and eighth. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Article 78.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.