Dillon, J.P.
(concurring in part and dissenting in part). I *215 agree with my colleagues in the majority that the equitable causes of action to impose a constructive trust, to recover damages for unjust enrichment, and for an accounting must be dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. However, for the reasons set forth below, the plaintiff’s cause of action to recover damages for breach of contract was also properly dismissed for failure to state a cause of action and, on that limited basis, I dissent in part and vote to affirm the order appealed from in its entirety.
The plaintiff and the defendant were in a 17-year committed relationship. During the relationship, each party gave birth to one biological child, with the parties each adopting the other’s child. Both parties worked full-time before the birth of the children and accrued retirement benefits. After the birth of the first child, the parties agreed that the plaintiff would work part-time rather than full-time. The defendant continued to work full-time in support of the family.
The parties orally agreed to share equally in all financial and non-financial contributions made by each of them, including earnings and assets. They further orally agreed that the plaintiff would be entitled to one half of the defendant’s retirement benefits, given that the plaintiff’s part-time employment removed her from further personal retirement contributions.
In or about 2007, the parties’ relationship ended. The entirety of the relationship preceded the enactment of New York’s Marriage Equality Act (see Domestic Relations Law §§ 10-a, 10-b) and, therefore, the parties were never married under the laws of the state.
In the order appealed from, the Supreme Court granted the defendant’s motion to dismiss. The Supreme Court reasoned, as to the breach of contract cause of action, that on the face of the complaint, the parties had no agreement in place about the distribution or settlement of assets in the event the relationship were to end, and the court refused to imply such an agreement not set forth in the complaint.
I agree with the majority on the legal standard that must be applied by courts in determining motions to dismiss under CPLR 3211 (a) (7). Courts must “accept the facts alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Dickinson v Igoni, 76 AD3d 943, 945 [2010]). While the court must afford pleadings a liberal *216 construction in assessing a motion to dismiss pursuant to CPLR 3211 (a) (7), the allegations contained in the pleading cannot be vague or conclusory (see Phillips v Construction, 101 AD3d 1097, 1098 [2012]) and must contain sufficient particular allegations from which a cognizable cause of action can reasonably be found (see Mazzei v Kyriacou, 98 AD3d 1088, 1090 [2012]). Here, the Supreme Court, in its detailed 18-page decision and order, applied the proper legal standard to the defendant’s motion to dismiss.
Whether a complaint states a cause of action is an inquiry that is sui generis. CPLR 3013 requires that complaints give the parties and the court notice of the transactions, occurrences, or series of transactions and occurrences intended to be proved, and the material elements of each cause of action (see generally Moore v Johnson, 147 AD2d 621 [1989]; Pace v Perk, 81 AD2d 444, 449 [1981]).
In an action for an accounting, to impose a constructive trust, and to recover damages for breach of contract and unjust enrichment, as here, the complaint must contain statements addressing the elements of each cause of action. The absence of any given element that cannot be at least reasonably inferred (see China Dev. Indus. Bank v Morgan Stanley & Co. Inc., 86 AD3d 435, 436 [2011]; Rozen v Russ & Russ, P.C., 76 AD3d 965, 968 [2010]) renders the cause of action infirm (see generally “J. Doe No. 1” v CBS Broadcasting Inc., 24 AD3d 215 [2005]; Gray v Rochester Gas & Elec. Corp., 97 AD2d 975 [1983]; Peri v State of New York, 66 AD2d 949 [1978], affd 48 NY2d 734 [1979]).
The parties’ oral understanding relative to the cause of action alleging breach of contract was never reduced to writing. Moreover, by virtue of the lack of a marriage contract, the parties are not eligible for the benefits and protections of New York’s equitable distribution law, as embodied in Domestic Relations Law § 236 (B) (5) and its paragraphs (see M v F, 27 Misc 3d 1205[A], 2010 NY Slip Op 50563[U], *4 [Sup Ct, NY County 2010]). Nevertheless, as noted by the Court of Appeals, New York courts recognize that an expressed agreement between cohabitating, unmarried persons living together is enforceable as long as illicit sexual relations are not part of the consideration underlying the contract (see Morone v Morone, 50 NY2d 481, 486 [1980]; Dulko v Reich, 276 AD2d 521 [2000]; Paulus v Kuchler, 214 AD2d 608, 609 [1995]). By the same token, courts may not imply contractual obligations between cohabitating unmarried persons, as it is natural that services will be rendered from one *217 to the other gratuitously, and as the notion of implied familial contracts is contrary to New York’s 1933 abolition of common-law marriage (see Morone v Morone, 50 NY2d at 488-489; Dulko v Reich, 276 AD2d 521 [2000]; Paulus v Kuchler, 214 AD2d at 609).
An examination of the complaint in this action reveals an expressed oral contract that the parties, during their relationship, would share equally in the financial and non-financial contributions made by each of them, including such assets as wages, other money, funds, accounts, labor, and retirement earnings. However, the complaint is devoid of any allegation as to whether and how their assets and pension benefits would be divided in the event the parties were to no longer be together. To read such a provision into the parties’ agreement, where none is expressed in the complaint, would result in the invention of implied contractual provisions which, as noted, is prohibited by our law for agreements between unmarried persons living together (see id.).
Moreover, the defendant, in her answer, denied the allegation that the parties had agreed to split her retirement pension. While this fact is irrelevant to whether the complaint states a cause of action on its face, the papers submitted in opposition to the dismissal motion contain no affidavit from the plaintiff or other evidence as to whether and how the parties agreed to share assets and retirement pensions if their relationship terminated. In other words, the plaintiff did not take advantage of the opportunity afforded by CPLR 3211 case law that would have permitted her to cure the defect in her pleading (see Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]; Leon v Martinez, 84 NY2d at 87; Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).
Distilled to its essence, the plaintiff in this action seeks “equitable distribution” of the defendant’s assets and future pension benefits without alleging in the complaint that the defendant had promised to share them if the parties did not stay together. Indeed, there is no allegation that the parties had any meeting of the minds as to the distribution of property or assets upon a termination of their relationship. Absent such an allegation, and absent an affidavit from the plaintiff clarifying or expanding her description of the parties’ agreement to cover such an eventuality, the complaint fails to state a cause of action. The plaintiffs theory of recovery is dependent upon implying terms for the distribution of retirement benefits to circumstances *218 involving the dissolution of the parties’ familial relationship. The Supreme Court properly refrained from implying such provisions into the oral contract in determining that, under the circumstances alleged, the “complaint lacks a contract for the court to enforce.”
No aspect of this partial dissent speaks to the merits of New York’s more recent enactment of the Marriage Equality Act. This Court is sensitive to the complications occasioned by various forms of familial relationships that necessarily result in financial agreements or entanglements. The judiciary, however, is limited in addressing and determining the ownership and/or distribution of familial assets, absent either the existence of a lawfully recognized marriage or an enforceable expressed contract between persons in a cohabitational relationship.
Austin, Balkin and Cohen, JJ., concur; Dillon, J.E, concurs in part and dissents in part, and votes to affirm the order appealed from, in a separate memorandum.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion pursuant to CPLR 3211 (a) (7) which was to dismiss the eighth cause of action, and substituting therefor a provision denying that branch of the defendant’s motion; as so modified, the order is affirmed, without costs or disbursements.