Fbank H. Coyne, J.
Respondent’s motion for an order setting aside the service of the petitions and notices in the above-entitled proceedings poses the question as to whether a premature return date on the notices in proceedings under article 13 of the Tax Law is a fatal defect not curable by the court. No controlling authority has been submitted by counsel, and research has failed to reveal a case decisive of the question.
The assessments sought to be reviewed were completed and the roll duly filed in the office of the clerk of the City of Yonkers on October 15, 1957. Within 30 days thereafter, namely, on November 12, 1957, petitioners duly served copies of the petitions and notices upon proper officials of said city (see Tax Law, § 290-a et seq.). The notices so served stated that the applications for review of the assessments would be returnable at a designated Special Term of the court on November 27,1957. Accordingly, the matters appeared on the Special Term Calendar on the latter date, and were thereupon adjourned by consent to December 6, 1957 when the motions now before the court came on.
The statute involved (Tax Law, § 290-b), insofar as pertinent, provides: “ Any person claiming to be aggrieved by any assessment for property upon any assessment roll may commence a proceeding under this article by serving upon the officers designated in section two hundred ninety-one a petition, as prescribed in section two hundred ninety-c, together with a notice in writing of an application for review under this article returnable not less than twenty days nor more than ninety days after service of such petition and notice ”. (Italics supplied.)
It is to be observed that the provisions of the Tax Law relating to a review of assssments upon real property have been the subject of extensive revision by rather recent legislation (L. 1949, chs. 550, 551, off. May 1, 1949). The object and intendment of the revision was to abolish the cumbersome and unwieldy procedure to review by writ of certiorari. The legislation sought to eliminate the technicalities and anachronisms *490 of the writ process — to standardize calendar practice, to obviate unnecessary and merely formal procedure, and in general, to provide a simple and efficient method of reviewing tax assessments. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 321; Sixteenth Annual Report, 1950, p. 18.) It has been held, even under the former writ procedure, that the Tax Law relating to review of assessments was remedial in character and should be liberally construed to the end that the taxpayers right to have his assessment reviewed should not be defeated by a technicality. (People ex rel. New York City Omnibus Corp. v. Millet, 282 N. Y. 5, 9; People ex rel. Bingham Operating Corp. v. Eyrich, 265 App. Div. 562.) Manifestly, a similar construction is applicable under the simplified procedure.
'Concededly, in the cases at bar, the court acquired jurisdiction by the timely service of the petitions and notices upon the designated officers. Patently, the notices were defective in providing for a premature return date. However, the defects were not jurisdictional in nature, since the requisite jurisdiction had been acquired by timely service of the said petitions and notices. The defect, common to all of the proceedings, was at most an irregularity resulting through inadvertence on the part of petitioners5 attorneys in inserting in the notice a return date in advance of the 20-day limitation prescribed by section 29'0-b of the Tax Law. In this connection, it should be noted that in the City of Hew York, the proceeding is commenced by service of a copy of the petition alone upon the designated officers. Service of the notice is a requisite outside the city of Hew York. Jurisdiction in the Court existing, it Would indeed be unjust and unfair to penalize a taxpayer for the conscientious diligence and zeal of his attorneys. Under the circumstances shown, no substantial right of the taxing authority has been prejudiced Or affected. -In the Opinion of the court, the irregularity may be cured Under section 105 of the Civil Practice Act.
For all intents and purposes, and in conformity with the practice prevailing in this district, the proceedings shall be deemed to have been seasonably noticed, the allegations of the petitions deemed denied, and the proceedings referred to ‘Special Term, Part II of this court, subject to payment of the required fees.
Respondent’s motion to dismiss is denied in all instances, without prejudice to any rights accruing by virtue of section 292 of the Tax LaW. Petitioners’ motion shall be deemed granted.
Settle order on notice.