OPINION OF THE COURT
Edward J. Greenfield, J.
In the book, "Gods and Beasts, The Nazis and the Occult,” the author, defendant Dusty Sklar, traces the evolution of Nazism. In the last chapter, entitled "The Dangers of Occult Thinking”, the author draws parallels between Nazism and present day occult groups including the Reverend Sun Myung Moon’s Unification Church.
The references to the Unification Church in the book, which has sold only a little over 2,000 copies, have given rise to the case at bar, in which the Unification Church seeks to recover $2,000,000 in compensatory damages and $2,000,000 in puni *32 tive damages for alleged libel. In its complaint, plaintiff alleges that defendants Dusty Sklar and Harper & Row, who published the book: "wrongfully, deliberately, recklessly and maliciously, with intent to injure plaintiff in the management of its affairs and property, and to adversely affect its credit, and to deprive plaintiff of the respect, confidence and esteem peculiarly essential to plaintiff’s profession, and with intent, further, to deprive plaintiff of present and potential membership and of contributions, and with intent to deprive plaintiff of its good name, reputation and the esteem of its members and contributors, and of the religious community and general population, and with intent to bring plaintiff into public scandal, ridicule and professional disrepute before the same classes of persons, did with actual malice, falsely and wrongfully publish, and cause to be published, the Book containing false, scandalous, defamatory and libelous matter, as set forth in paragraph 10.”
Before the court is a motion by defendants Dusty Sklar and Harper & Row, the publisher, to dismiss or alternatively for summary judgment. Defendants contend that insofar as plaintiff complains of statements expressed by the author to the effect that the church has elements similar to those present in Nazi Germany, that its indoctrination techniques can be characterized as brainwashing and that it presents a danger to American society, the statements are the author’s opinion, and are not actionable. Defendants further contend that to the extent that there are factual statements in the book upon which the opinions are based, the statements are based on reputable sources and that having come forward with extensive affidavits setting forth the sources relied on, no case of malice or recklessness can be made out. Defendants also allege that insofar as the alleged libelous statements challenge the validity, beliefs and practices of a religion, they are protected by the First Amendment.
In opposition, plaintiff in addition to raising procedural objections, contends that the alleged defamatory statements are statements of fact, not opinion, and that same were published with actual malice. With respect to defendants’ First Amendment argument, although plaintiff views it as "creative”, it contends the argument is made of whole cloth.
Before the court can deal with whether defendants are entitled to dismissal of all or part of the complaint, it must first dispose of the technical objections.
*33 The procedural defect of failing to specify in the notice of motion the grounds on which dismissal is sought may be disregarded, as it is not prejudicial (CPLR 2001). It is apparent that the motion to dismiss is based on CPLR 3211 (subd [a], par 7) and defendants offered to correct the technical defect and give plaintiff time to submit additional papers, which offer was refused. Moreover, the reply papers clearly specify the grounds urged and plaintiff has submitted a surreply brief. These facts clearly distinguish the case from Syrang Aero Club v Foremost Ins. Co. (54 AD2d 1095), relied on by plaintiff, in which the court reversed Special Term’s dismissal of the complaint for failure to state a cause of action, stating that had the motion been made on this ground, plaintiff could have sought leave to replead.
Insofar as plaintiff contends that the motion for summary judgment is premature, again we are dealing with a nonprejudicial technical defect in view of the fact that the court is specifically empowered pursuant to CPLR 3211 (subd [c]) to treat a motion to dismiss as a motion for summary judgment, upon notice to the parties. (See, e.g., Matter of Knickerbocker Field Club v Site Selection Bd. of City of N. Y., 41 AD2d 539.) As all parties have submitted evidentiary affidavits, further notice would be superfluous.
 Turning to the merits, it is conceded by plaintiff that it is a "public figure” and that, accordingly, under New York Times Co. v Sullivan (376 US 254) and its progeny, to recover it must prove that each allegedly libelous statement was made with knowledge of its falsity or reckless disregard for the truth. Plaintiff also concedes that as a matter of law a statement of opinion is not actionable (see, e.g., Gertz v Robert Welch, Inc., 418 US 323), but disagrees with defendants’ characterization of statements to the effect that the church has elements similar to those present in occult groups in Nazi Germany, that the church’s indoctrination techniques may be characterized as a form of brainwashing and that the church represents a danger to American society as statements of opinion.
Clearly, the comparison of one organization with another and pointing out similarities between them, expresses the opinion of the person making the comparison. Plaintiff’s reliance on Buckley v Littel (539 F2d 882) in support of the contention that the parallels drawn are statements of fact is misplaced. In Buckley, the Court of Appeals held that the *34 characterization of Buckley as a "fellow traveler” of the "radical right” who reprinted articles from "openly Fascist journals” were expressions of opinion. Plaintiff relies on the fact that the court in Buckley distinguished cases involving allegations of membership in the Communist party, which allegations have been held to be statements of fact. However, the author does not label plaintiffs as Nazis, but merely compares organizational structure and procedure. Accordingly, insofar as the complaint is based on the statements reflecting the author’s opinion, the complaint should be dismissed.
To the extent that the alleged libelous statements, as set forth in paragraph "10” of the complaint, are statements of fact, the moving papers, which set forth the extensive research and sources relied on by plaintiff, support defendants’ contention that plaintiff’s claim of malice is without merit. Defendant Sklar has cited numerous sources supporting the following parallels drawn with the Nazi movement, obedience to a messianic leader, secrecy, loyalty to the group above all else, etc. The same is true with respect to the statements of danger and brainwashing, so that even if they were considered statements of fact, summary judgment would be appropriate. Although plaintiff has attempted to discredit one source and has submitted an affidavit alleging the statements are false, no issue of fact as to knowledge of falsity or reckless disregard for the truth has been shown to exist nor has plainitff shown that such facts may exist. Thus, while it is possible that the statements in the book are false, notwithstanding the extensive corroboration, it cannot be said that defendants knew they were false or that they were published with reckless disregard for the truth.
Plaintiff’s contention that it must be given an opportunity to depose defendants and to review notes, memoranda, etc., is without merit.
Summary judgment is the rule, not the exception in defamation cases. (Guitar v Westinghouse Elec. Corp., 396 F Supp 1042.) Where as here the extensive documentation relied on is set forth in the moving papers, summary judgment is clearly appropriate. Plaintiff has failed to refute all but one of the sources and has not even attempted to show that the sources do not support the statements made in the book. The simple fact is that nowhere in plaintiff’s affidavits are there any evidentiary facts from which a jury could infer that defendants had reason to doubt the veracity of the statements. *35 Mere surmise, suspicion and accusation are insufficient to defeat summary judgment (Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 63) as is the mere hope of questioning the credibility of defendants. (Schwartz v Time, Inc., 71 Misc 2d 769.) As noted in Trails West v Wolff (32 NY2d 207), it would be futile to allow the plaintiff to interrogate the defendant or his sources in hopes of getting him to change his well-documented story.
Accordingly, summary judgment is clearly appropriate in this case.
 The alternative ground raised for dismissal, that the First Amendment bars any libel action by a religious denomination when the alleged libel relates to the validity of the beliefs and practices of that religion, presents what appears to be an issue of first impression. The court agrees with plaintiffs that where the issue involves the validity of a religious denomination’s beliefs, the First Amendment would bar such a claim, as it would embroil the State in an inquiry into the truth or falsity of beliefs or teachings; however, the alleged libelous statements involved in the case at bar do not involve the validity of beliefs and practices. The author is not concerned with whether the Reverend Sun Myung Moon is the true messiah or whether the teachings of the church are the word of God or the word of the devil. The case is analogous to a situation where a given church would be charged with taking its members’ money and lining the pockets of its clergy.
It is a far cry from a situation where a State cannot refuse to license a motion picture on the ground that it is sacreligious, to say that a religious institution is barred from bringing any claim for defamation. Thus, although defendants’ First Amendment argument does not justify dismissal of the entire complaint, summary judgment is warranted as set forth above.