■ ROBERT KAPLAN et al., Respondents, v ANTHONY MANOLI, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated July 13, 1983, which denied his motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion to dismiss the affirmative defense of lack of personal jurisdiction. ¶ Order reversed, on the law, with costs, plaintiffs' cross motion denied, defendant's motion granted, and complaint dismissed. ¶ In an effort to obtain a 60-day extension of the Statute of Limitations period, plaintiffs filed a copy of the summons with the clerk of the court pursuant to CPLR 203 (subd [b], par 5). However, said summons failed to comply with the notice requirements set forth in CPLR 305 (subd [b]). As we have recently observed: "The complete absence of the notice requirements contained in CPLR 305 (subd [b]) is a jurisdictional defect which renders the summons insufficient not only for the purposes of taking a default judgment, but also to obtain jurisdiction over the defendant and commence the action (see *Parker v Mack,* 92 AD2d 699 [affd 61 NY2d 114]; *Ciaschi v Town of Enfield,* 86 AD2d 903; *Premo v Cornell,* 71 AD2d 223). Inasmuch as the summons was jurisdictionally defective, the 60-day extension of the Statute of Limitations period contained in CPLR 203 (subd [b], par 5, cl [i]), was not available to plaintiff, and, contrary to Special

Term's determination, the commencement of the action was therefore untimely (see *Tamburo v P & C Food Markets*, 36 AD2d 1017)" (*Frerk v Mercy Hosp.*, 99 AD2d 504). ¶ Similarly, the defect in the summons at bar rendered the 60-day extension unavailable to plaintiffs. Plaintiffs alleged that the last date of treatment in the instant medical malpractice action was April 6, 1979. The summons filed with the clerk of September 8, 1981, was, as noted, jurisdictionally defective. The service of a summons and complaint upon defendant on November 23, 1981 was therefore untimely (see CPLR 214-a). Accordingly, the order appealed from must be reversed, and the complaint dismissed. Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.