■ ALEX FARKAS, Appellant, v TARRYTOWN LUMBER, INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Westchester County (Owen, J.), dated October 4, 1985, which granted the defendant's motion for dismissal of the complaint as barred by the applicable Statute of Limitations, and denied the plaintiff's cross motion, *inter alia,* to compel the defendant to serve its answer, or, in the alternative, pursuant to CPLR 205 (a) for leave to commence a new action.

Ordered that the order is affirmed, with costs.

On or about October 12, 1984, nearly three years after the plaintiff was allegedly the victim of an assault which occurred in a tavern located upon property owned by the defendant corporation, the plaintiff served a bare summons on the defendant. Despite the "imperative" notice requirements set forth in CPLR 305 (b) *(see, Parker v Mack,* 61 NY2d 114, 117), the papers served gave no notice either of the nature of the action or of the relief sought, and none was attached.

On April 2, 1985, the plaintiff served the defendant with a summons accompanied by a complaint.

The defendant thereafter moved, in lieu of serving an answer, for dismissal of the action pursuant to CPLR 3211 (a) (2), for lack of subject matter jurisdiction, arguing that the absence of specific notice as to, e.g., the nature of the action, required by CPLR 305 (b), mandated deeming the initial summons a legal nullity since "the Court [of Appeals] ha[d] unequivocally indicated there is no jurisdiction over a person of a defendant acquired by the service of such a summons" (citing *Parker v Mack, supra).* It further sought dismissal of the subsequently served complaint, asserting that the cause of action was barred by the three-year Statute of Limitations governing negligence actions, which had expired on October 18, 1984 (CPLR 214 [5]).

The plaintiff cross-moved for an order directing the defendant to serve an answer (CPLR 103 [a]), or, in the event the defendant's motion was granted, either an order pursuant to CPLR 3211 (e), allowing him to replead, or one pursuant to CPLR 205 (a), which would permit him to "commence a new action upon the same transaction or occurrence * * * within six months after the termination [of the action] provided that the new action would have been timely commenced at the time of commencement of the prior action". The plaintiff conceded the legal insufficiency of the summons which was initially served, yet argued that since the defendant appeared in the action and failed to raise an objection to the court's exercise of personal jurisdiction over it, i.e., did not state that

the motion was one pursuant to CPLR 3211 (a) (8), it waived the affirmative defense. Thus, according to the plaintiff, the defendant should be deemed to have accepted the initial summons which was served within the statutory period, and by virtue of which the plaintiff could avail himself of the six-month extension provided for in CPLR 205.

Special Term granted the defendant's motion for dismissal of the complaint and denied the plaintiff's request for relief.

The service upon the defendant on October 12, 1984, of a bare summons neither operated to confer personal jurisdiction over the defendant nor constituted the timely commencement of the action *(see, Parker v Mack, supra; Kaplan v Manoli,* 100 AD2d 928, *affd* 64 NY2d 849). Consequently, the plaintiff may not avail himself of the six-month extension of the Statute of Limitations period contained in CPLR 205 (a) *(see, Parker v Mack, supra,* at 117-119; CPLR 304, 305 [b]), and the subsequently served summons and complaint, which were untimely (CPLR 214 [5]), were subject to dismissal *(see, Parker v Mack, supra; Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635).

Moreover, Special Term properly disregarded the technical defect of the defendant's motion papers, i.e., the mistaken reliance upon CPLR 3211 (a) (2), lack of subject matter jurisdiction, rather than CPLR 3211 (a) (8), lack of personal jurisdiction, as the ground for dismissal of the "bare" summons. While such an omission would, under ordinary circumstances, constitute a waiver of the defense *(see,* CPLR 3211 [e]; *Addesso v Shemtob,* 70 NY2d 689; *Competello v Giordano,* 51 NY2d 904), the plaintiff, having been adequately apprised of the basis for the motion inasmuch as the affidavit in support thereof specifically cited the *Parker* case as "unequivocally indicat[ing] there is no jurisdiction over a person of a defendant acquired by the service of such a summons", could not have been prejudiced by this defect in form, and his hypertechnical argument must be rejected *(see,* CPLR 2001; *Fletcher v Greiner,* 73 AD2d 591; *Holy Spirit Assn. v Harper & Row,* 101 Misc 2d 30).

Nor does the decision of *McLearn v Cowen & Co.* (60 NY2d 686) compel a different result. In that case, the complaint had been dismissed on the ground of res judicata and, in the alternative, for failure to state a cause of action, the latter of which had not been advanced by the defendant, but had been raised upon the court's own motion. The Court of Appeals concluded that the granting of the motion upon the alternative ground was erroneous: "Inasmuch as the motion to dismiss was not predicated on a claimed failure to state a cause

of action plaintiff was never afforded an opportunity to seek leave to replead within the prescriptions of CPLR 3211 (subd [e]) * * * [and thus suffered] substantial prejudice" *(McLearn v Cowen & Co., supra,* at 689). The instant case is, as Special Term concluded, clearly distinguishable from *McLearn* inasmuch as the plaintiff at bar could not have been prejudiced by this technical defect *(see, Holy Spirit Assn. v Harper & Row, supra,* at 33); indeed, the plaintiff in his cross motion did seek leave to replead (CPLR 3211 [e]). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.