OPINION OF THE COURT
J. Raymond Amyot, J.
In this Real Property Tax Law article 7 proceeding it is undisputed that no notice of the application for review was served together with the petition, as required by subdivision (1) of Real Property Tax Law § 704. The respondent’s answer *305 sets forth this alleged defect as an affirmative defense. Now, more than 30 days after final completion and filing of the assessment roll, the respondent moves to dismiss the petition.
The real thrust of the respondent’s motion is lack of jurisdiction. (See, Arce v Sybron Corp., 82 AD2d 308, 310-311; Morrison v Foster, 80 AD2d 887.) Failure to timely serve the notice together with the petition constitutes "a complete defense to the petition and the petition must be dismissed.” (Real Property Tax Law § 702 [3].) Noncompliance with this statute is jurisdictional. The court is without discretion to remedy this fatal defect.
The petitioners urge that the failure to serve the notice is a mere irregularity which should not preclude judicial review of the assessment, especially since the respondent unquestionably had timely notice of the application when the petition itself was served. No decisional or statutory authority is submitted to support that position, nor has the court’s research disclosed any. In Parker v Mack (61 NY2d 114, 118-119) it is made clear that actual notice of a party’s intended litigation cannot serve as a substitute for compliance with the imperative dictates of a statutory prerequisite for service. (See also, Farkas v Tarrytown Lbr., 133 AD2d 251.) In Matter of Batavia Enters. v Assessor of Town of Batavia (72 AD2d 912), relied on by the petitioners, the court noted that a notice, albeit defective, was timely served together with the petition, so jurisdiction attached and irregularities in the notice would not defeat otherwise meritorious claims. Similarly, in Matter of Malara v City of Yonkers (11 Misc 2d 488), which is also cited by the petitioners, the court noted that jurisdiction was acquired by the timely service of the petitions and notices. It was there held that defects in the notices were mere irregularities which could be cured. Here, the required notice was not served at all and, therefore, there is no jurisdiction within which the court can remedy technical, nonprejudicial infirmities. (See, Gomez v Bobker, 104 AD2d 790, 791.)
No jurisdiction was obtained and the unequivocal language of subdivision (3) of section 702 of the Real Property Tax Law mandates dismissal.
The motion is granted.
The petitioners’ motions to dismiss the affirmative defenses set forth in the answer and to amend the petition are now academic and thus need not be considered.