■ ALVIN LUKASHOK, Appellant, v CONCERNED RESIDENTS OF NORTH SALEM et al., Respondents.—In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 12, 1988, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff Alvin Lukashok is a real estate developer who sought to construct a hotel on a parcel of land located in the Town of North Salem in Westchester. The defendant Concerned Residents of North Salem (hereinafter CRNS) is a nonprofit corporation which published a newsletter concerning environmental issues. The other defendants are individuals who are officers and directors of the corporation.

In 1984, at the time the plaintiff began to seek approval for his project, the applicable zoning ordinance permitted a hotel to be built on his property. From 1984 to 1987, more than 30 meetings were held and over 20 articles were written on the subject. The applicable zoning law was ultimately changed so as to effectively bar hotel construction on the plaintiff's property. Thereafter, the plaintiff commenced an action against

the Town of North Salem, the Town Board and the Planning Board, as well as all of the board members individually. Subsequently, the defendants published a newsletter which is the subject of the instant libel suit. The newsletter stated, in pertinent part:

"Alvin Lukashok and companies he owns or controls have chosen the malicious method of personal lawsuits to intimidate members of the Town Board—the people you elected—into amending the zoning ordinance to allow a hotel to be built as a matter of right. * * *

"Having failed to persuade the Town Board to zone for the hotel, he chose, as is his right, to go to court against the Town. But at the same time he has resorted to what can only be called terrorism by suing every member of the Town Board and the Planning Board personally."

The statements complained of constituted nonactionable opinion (see, Letter Carriers v Austin, 418 US 264; Steinhilber v Alphonse, 68 NY2d 283). We find that the statements by the defendants were "pure opinion" and did not rest on any undisclosed facts. Moreover, an examination of the full context of the communication indicates that the remarks were merely figurative and did not accuse the plaintiff of criminal activity (see, Greenbelt Publ. Assn. v Bresler, 398 US 6, 14; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, cert denied 434 US 969). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.