■ BART SCHWARTZ, Appellant, v NORDSTROM, INC., et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about September 28, 1988, granting defendants' motion pursuant to CPLR 3211 dismissing the complaint, permanently enjoining all litigation by plaintiff against defendants or related parties and denying plaintiff's motion for, *inter alia,* leave to amend the complaint, unanimously affirmed, with costs.

The action grows out of a 1980 contract dispute between defendant Nordstrom, Inc. and Ultracashmere Ltd., a fabric manufacturer of which plaintiff Bart Schwartz is sole shareholder. Arbitration proceedings resulted in an award of $24,-500 to Ultracashmere Ltd. on June 14, 1987.

In July of 1987 plaintiff commenced an action in Supreme Court, New York County to vacate the award. The action was removed to the United States District Court for the Southern District of New York. (87 Civ 6324 [KTD].) By judgment entered December 19, 1988 the petition was dismissed by the District Court as time barred and sanctions pursuant to Federal Rules of Civil Procedure, rule 11 were imposed against Ultracashmere Ltd.

On December 22, 1987 Schwartz, individually, commenced this suit. The six causes of action, while inartfully drawn by the *pro se* plaintiff, all relate to the arbitration proceedings and seek $374,000,000 in damages. The first cause of action alleges that by stipulation, Nordstrom, Inc. agreed to reimburse plaintiff and Ultracashmere Ltd. for $659,359 in damages and expenses should the latter recover an arbitration award but that Nordstrom breached the stipulation. The second cause of action alleges that by an advertisement placed in Womens Wear Daily and a telephone campaign, defendants embarked on a national campaign to ruin the reputation and business of Ultracashmere Ltd. The third cause alleges the use of a fraudulent affidavit by Norstrom, Inc. during the arbitration proceedings. The fourth cause of action charges the defendants with discouraging investments in Ultracashmere Ltd. The fifth asserts that during the arbitration proceedings defendants accused plaintiff of being a Nazi, and the sixth alleges misconduct by defendants Reiter and Shelten in connection with documentary evidence missing during the arbitration.

We note first that a shareholder may not secure a personal recovery for alleged injury to a corporation. *(Goldstein v Consolidated Edison Co.,* 115 AD2d 34, 40 [1st Dept 1986], *lv denied* 68 NY2d 604 [1986].) Therefore, the IAS court properly dismissed for lack of standing all but the fifth cause of action alleging defamation.

The fifth cause was also properly dismissed. The actual words used are not set forth as required by CPLR 3016 (a). The alleged remarks were an expression of opinion which is not actionable. *(See, Parks v Steinbrenner,* 131 AD2d 60 [1st Dept 1987]; *Holy Spirit Assn. v Harper & Row, Publishers,* 101 Misc 2d 30 [Sup Ct, NY County 1979].)* Moreover, the action is time barred (CPLR 215 [3]).

In addition, principles of res judicata bar the second cause of action based upon an advertisement and telephone campaign, and the fourth cause of action alleging tortious interference with contractual relations. The doctrine, which applies to arbitration proceedings *(Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504 [1976]), prevents relitigation of issues actually litigated.

For reasons stated by the IAS court each of the individual causes of action was otherwise deficient and thus properly dismissed.

While there are some changes in the proposed amended

complaint, it makes essentially the same allegations as the present complaint. Accordingly, there is no basis for permitting it.

Finally, under the circumstances herein it was a proper exercise of discretion for the IAS court to enjoin the *pro se* plaintiff from pursuing additional litigation against defendants and related parties in the absence of judicial approval. *(See, Sassower v Signorelli,* 99 AD2d 358, 359-360 [2d Dept 1984].) Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.