■ BANK OF NEW YORK, Respondent, v NORTH SHORE MART, Appellant, et al., Defendants, and THOMAS P. PUCCIO, as Executor of the Estate of SAUL BIRNBAUM, Deceased, Appellant. [624 NYS2d 237] —In an action to foreclose a mortgage, Thomas P. Puccio, the executor of the estate of Saul Birnbaum, and North Shore Mart appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated May 21, 1992, which granted the branch of the plaintiff's motion which was to permanently enjoin Thomas P. Puccio and the estate of Saul Birnbaum from intervening in this action and, on the court's own motion, imposed costs and sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal of North Shore Mart is dismissed, without costs or disbursements, since North Shore Mart is not aggrieved by the order appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order is modified, as a matter of discretion, without costs or disbursements, (1) by adding thereto a provision permitting Thomas P. Puccio leave to intervene in this action by leave of the Supreme Court, Nassau County, should a change of circumstances warrant such relief and (2) by deleting the provision imposing sanctions and costs pursuant to 22 NYCRR 130-1.1.

Victoria Birnbaum is the proper party to represent the limited partnership, North Shore Mart, in this action. Pursuant to an agreement between Victoria Birnbaum and former general and limited partner Lawrence Goldrich, Victoria Birnbaum was to receive Goldrich's entire partnership interest "together with all present and future rights, claims and benefits belonging and relating thereto." This agreement was assented to and signed by general partner Saul Birnbaum, who thereby waived any right based upon Partnership Law § 53 (1) to contest the validity of the transfer. Therefore, there is no merit to the contention that, pursuant to Partnership Law § 68, the estate of Saul Birnbaum (hereinafter the estate)

is the proper party to represent North Shore Mart in this action.

The estate's attempt to intervene in this action does not rise to the level of frivolous conduct within the meaning of 22 NYCRR 130-1.1. Thus, the imposition of sanctions and costs pursuant to 22 NYCRR 130-1.1 is not warranted.

Under the circumstances of this case, the injunctive relief that was granted is qualified to the extent indicated *(see, Schwartz v Nordstrom, Inc.,* 160 AD2d 240). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.