SUE WANAMAKER, Formerly Known as SUE ZWIJACZ, Respondent, v VHA, INC., et al., Appellants. [797 NYS2d 672]—

Appeals from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered February 25, 2004 in a defamation

action. The order, insofar as appealed from, denied in part defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted in their entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging various causes of action, including defamation, against defendant Jeanne McGrayne, her employer, defendant VHA, Inc. (VHA), and defendant Faxton-St. Luke's Healthcare, formerly known as St. Luke's Memorial Hospital (Hospital). In the course of her employment with VHA, McGrayne posed as a prospective patient who visited various units at the Hospital without notifying anyone of her identity, for the purpose of evaluating the quality of care. In a report she prepared for VHA, which was provided to the Hospital, McGrayne described an encounter with a nurse at the Hospital, later identified as plaintiff, in which McGrayne "[s]ensed a 'controlling' behavior by the nurse" and McGrayne's "impression was that this nurse must think that she is the 'surgery Nazi'—'No paperwork—No surgery!' " Supreme Court granted in part the motions of defendants for summary judgment, dismissing all of the causes of action against them except for the defamation cause of action. We reverse the order insofar as appealed from and grant summary judgment to defendants dismissing that cause of action as well.

The court did not abuse its discretion in considering the late motion of the Hospital, counsel for the Hospital having established good cause (see CPLR 3212 [a]; Luciano v Apple Maintenance & Servs., 289 AD2d 90, 91 [2001]). We further conclude that the reference in the report to plaintiff as the "surgery Nazi" was rhetorical hyperbole and is not actionable as a matter of law (see Milkovich v Lorain Journal Co., 497 US 1, 17 [1990]; Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp., 213 AD2d 940, 942 [1995]; DRT Constr. Co. v Lenkei, 176 AD2d 1229, 1229-1230 [1991], lv denied 79 NY2d 753 [1992]). Additionally, the alleged defamatory statement in the report is opinion and is incapable of being proven true or false (see Brian v Richardson, 87 NY2d 46, 53-54 [1995]; Steinhilber v Alphonse, 68 NY2d 283, 286 [1986]; Lukashok v Concerned Residents of N. Salem, 160 AD2d 685, 686 [1990]; cf. Curry v Roman, 217 AD2d 314, 319 [1995]). In particular, we conclude that, under the circumstances of this case, the reference to plaintiff as the "surgery Nazi" is an expression of

opinion and thus is not actionable as a matter of law (*see Schwartz v Nordstrom, Inc.*, 160 AD2d 240, 241 [1990], *appeal dismissed* 76 NY2d 845 [1990], *lv denied* 76 NY2d 711 [1990]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.