# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**452**

**CA 11-01968**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JOHN GISEL, PLAINTIFF-APPELLANT,
ET AL., PLAINTIFF,

V                                                MEMORANDUM AND ORDER

CLEAR CHANNEL COMMUNICATIONS, INC. AND ROBERT
LONSBERRY, DEFENDANTS-RESPONDENTS.

---

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR PLAINTIFF-APPELLANT.

GREENBERG TRAURIG, LLP, ALBANY (MICHAEL J. GRYGIEL OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 7, 2010. The order granted the motion of defendants for summary judgment, dismissed the complaint and denied the cross motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this defamation action seeking, inter alia, damages based on statements made by defendant Robert Lonsberry, the host of a radio talk show that aired on a station owned by defendant Clear Channel Communications, Inc. The statements at issue were made during an on-air discussion that Lonsberry had with former plaintiff Jacqueline Inzinga the day after her brother, John Gisel (plaintiff), was acquitted of criminally negligent homicide for fatally shooting a man in a hunting accident. According to plaintiffs, Lonsberry asked Inzinga "how it felt to have a brother who was 'a cold-blooded murderer' " and whether plaintiff " 'put a notch in the stock of his gun as he kills people?,' " and Lonsberry told Inzinga "that the hunting incident could not have been an accident . . . ." In support of their motion for summary judgment dismissing the complaint, defendants alleged that those comments were made in the midst of a debate amongst Lonsberry and his callers regarding whether plaintiff should have been held criminally liable for the death of the other hunter, that the issue of plaintiff's culpability for the shooting had been discussed on Lonsberry's show on several occasions prior to the date on which he made the statements in question and that plaintiff's accident, prosecution and acquittal were widely covered by media outlets in Western New York. We conclude that Supreme Court properly granted the motion.

We agree with the court that defendants met their burden of establishing that each of Lonsberry's statements at issue constituted a nonactionable expression of pure opinion (*see generally Gross v New York Times Co.*, 82 NY2d 146, 151; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139, *rearg denied* 81 NY2d 759, *cert denied* 508 US 910; *Steinhilber v Alphonse*, 68 NY2d 283, 286). Applying the four-part test set forth in *Steinhilber* (68 NY2d at 292) and considering "the over-all context in which the [statements] were made," we conclude that defendants established that a " 'reasonable [listener] would [not] have believed that the challenged statements were conveying facts about the . . . plaintiff,' " rather than opinions (*Brian v Richardson*, 87 NY2d 46, 51, quoting *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254, *cert denied* 500 US 954). Because Lonsberry's statements were based on facts that were widely reported by Western New York media outlets and were known to his listeners, it cannot be said that his statements were based on undisclosed facts (*see Gross*, 82 NY2d at 153-154; *Lukashok v Concerned Residents of N. Salem*, 160 AD2d 685, 686). Moreover, none of the statements were "capable of being objectively characterized as true or false" (*Steinhilber*, 68 NY2d at 292). Further, the context in which the statements were made supports the conclusion that a reasonable listener would not have thought that Lonsberry was stating facts. Lonsberry's show used a call-in format and generally provided a forum for public debate on newsworthy topics, and his statements were made during an on-air debate with his listeners regarding plaintiff's culpability and whether the jury had properly acquitted plaintiff. Lonsberry had engaged his listeners in similar debates regarding plaintiff's culpability on several previous occasions. In addition, some of Lonsberry's callers used "harsh and intemperate language," and the tone of Lonsberry's statements was obviously intended to be caustic and confrontational, rather than factual. We therefore conclude that defendants established their entitlement to judgment as a matter of law that the statements in question were "expression[s] of [pure] opinion [that were] not actionable" (*Wanamaker v VHA, Inc.*, 19 AD3d 1011, 1012-1013), and plaintiff failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Inasmuch as Lonsberry's statements were nonactionable expressions of pure opinion, we need not address plaintiff's remaining contentions.

Entered: April 27, 2012                                    Frances E. Cafarell
                                                            Clerk of the Court