# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**809**

**CA 15-02157**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

CRANE-HOGAN STRUCTURAL SYSTEMS, INC., AND
DANIEL C. HOGAN, PLAINTIFFS-RESPONDENTS,

                    V                               MEMORANDUM AND ORDER

MARY ELLEN BELDING, DEFENDANT-APPELLANT.

---

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP,
ROCHESTER (SHARON P. STILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

ADAMS BELL ADAMS, P.C., ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 2, 2015. The order, among other things, denied defendant's pre-answer motion to dismiss the complaint and for sanctions.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as it alleged defamation per se under the serious crime category, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this defamation action seeking compensatory and punitive damages based on statements contained in a letter that defendant sent to a federal judge regarding the sentencing of plaintiff Crane-Hogan Structural Systems, Inc. upon its plea of guilty of a violation of the federal Clean Water Act (33 USC § 1251 *et seq.*). We agree with defendant that Supreme Court erred in denying that part of her pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as the complaint alleged that defendant committed defamation per se by "charging plaintiff[s] with a serious crime" (*Liberman v Gelstein*, 80 NY2d 429, 435). We conclude that certain statements in the letter alleging criminal conduct on the part of plaintiffs do not constitute defamation per se because "reference to extrinsic facts is necessary to give them a defamatory import" (*Aronson v Wiersma*, 65 NY2d 592, 594-595), and that other statements, e.g., accusing plaintiffs of terrorism, do not constitute defamation per se because they are "likely to be perceived as 'rhetorical hyperbole [or] a vigorous epithet' " (*LeBlanc v Skinner*, 103 AD3d 202, 213, quoting *Greenbelt Coop. Publ. Assn., Inc. v Bresler*, 398 US 6, 14; *see Lukashok v Concerned Residents of N. Salem*, 160 AD2d 685, 686). We otherwise affirm the order for reasons stated in the

decision at Supreme Court.

Frances E. Cafarell
                                                        Clerk of the Court