24-1237-cv
*Farrakhan v. Anti-Defamation League*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-five.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

MINISTER LOUIS FARRAKHAN, NATION OF ISLAM,

        *Plaintiffs-Appellants*,

        v.                      24-1237-cv

ANTI-DEFAMATION LEAGUE, JONATHAN GREENBLATT, individually, in his capacity as CEO and national director of the Anti-Defamation League, RABBI ABRAHAM COOPER, individually and in his official capacity as Director of Social Global Action Agenda for Simon Wiesenthal Center, SIMON WIESENTHAL CENTER,

        *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:        SA'AD A. MUHAMMAD (Abdul A. Muhammad, Office of the General Counsel, Nation of Islam, Chicago, Illinois; and

Michael K. Muhammad, Muhammad Law Firm, Dallas, Texas, *on the brief*), Power and Dixon, PC, Chicago, Illinois.

FOR DEFENDANTS-APPELLEES:

NATHAN E. SIEGEL (Adam I. Rich, *on the brief*), Davis Wright Tremaine LLP, Washington, District of Columbia, and New York, New York, *for* Anti-Defamation League and Jonathan Greenblatt.

JULIE R. F. GERCHIK (Patricia L. Glaser and Eric Y. Su, *on the brief*), Glaser Weil Fink Howard Jordan & Shapiro LLP, Los Angeles, California, *for* Rabbi Abraham Cooper and Simon Wiesenthal Center.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on April 5, 2024, is **AFFIRMED**.

Plaintiffs-Appellants Minister Louis Farrakhan ("Farrakhan") and the Nation of Islam ("NOI") appeal from the district court's dismissal of their second amended complaint ("SAC") against Defendants-Appellees the Anti-Defamation League ("ADL"), Jonathan Greenblatt ("Greenblatt"), the Simon Wiesenthal Center ("SWC"), and Rabbi Abraham Cooper ("Cooper"). Plaintiffs' sprawling allegations in the 150-page SAC boil down to two types of claims: (1) First Amendment claims that focus on defendants' alleged speech-chilling activities against plaintiffs through third parties, and (2) defamation claims arising from defendants' various references to plaintiffs as anti-Semitic. The district court dismissed the First Amendment claims for lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1), and the defamation claims for

2

failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally Farrakhan v. Anti-Defamation League*, No. 23-cv-9110 (DLC), 2024 WL 1484449 (S.D.N.Y. Apr. 5, 2024). The district court also declined to grant plaintiffs' requests for declaratory and injunctive relief. *Id.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint for lack of standing and for failure to state a claim on which relief can be granted." *Soule v. Conn. Ass'n of Sch., Inc.*, 90 F.4th 34, 44 (2d Cir. 2023) (en banc). In doing so, we "constru[e] the complaint in plaintiff's favor and accept[] as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

## I.    First Amendment Claims

We agree with the district court that plaintiffs lack standing to assert their First Amendment claims.

Standing requires a plaintiff to show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The alleged injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alterations adopted) (internal quotation marks and citation omitted).

To the extent plaintiffs assert claims against defendants because third parties—Morgan

State University and Vimeo—denied or rescinded plaintiffs' access to speech platforms, those alleged First Amendment injuries are not fairly traceable to the defendants' actions. "Standing requires more than mere speculation about the decisions of third parties and must rely instead on the predictable effect of [defendants'] action on the decisions of third parties." *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352 (2d Cir. 2023) (internal quotation marks and citation omitted). Plaintiffs' allegations that ADL's general advocacy caused the third parties' decisions are unsupported by particularized factual assertions and, instead, rely on mere "[s]peculative inferences." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 45 (1976).

Plaintiffs' remaining First Amendment claims do not state any injuries in fact. The SAC alleges that that ADL assisted in creating the "U.S. National Strategy [t]o Counter Antisemitism." App'x at 72, 84. However, such an allegation does not articulate a concrete and particularized injury. Although plaintiffs suggest that the National Strategy will provide a justification to arrest and prosecute Farrakhan, the SAC does not sufficiently plead that such a threat is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citation omitted). Moreover, plaintiffs' claims that ADL's involvement with the New York government caused reputational harm to, and chilled the religious activities of, NOI and its members, and resulted in threatened sanctions from the state government, fail for similar reasons. At bottom, those claims rest on a tenuous chain of hypothetical events and do not show "an imminent threat of future harm or a present harm incurred in consequence of such a threat." *Hedges v. Obama*, 724 F.3d 170, 188–89 (2d Cir. 2013); *see also Laird v. Tatum*, 408 U.S. 1, 13–14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.").

4

Accordingly, we affirm the district court's dismissal of plaintiffs' First Amendment claims for lack of standing.

## II.      Defamation Claims

We conclude that plaintiffs fail to state any plausible defamation claims[1] because the challenged statements are nonactionable opinions or, even if actionable, are not adequately alleged to be false or to have been made with actual malice.

To recover for defamation under New York law, a plaintiff must establish five elements: "1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamatory on its face)." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 259 (2d Cir. 2021) (internal quotation marks and citation omitted). "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008); *accord Elias v. Rolling Stone LLC*, 872 F.3d 97, 110 (2d Cir. 2017) ("Under New York law, (with some exceptions) statements that do not purport to convey *facts* about the plaintiff, but rather express certain kinds of *opinions* of the speaker, do not constitute defamation." (emphases in original) (internal quotation marks and citation omitted)).

In addition, because Farrakhan does not dispute that he is a public figure, he must plead that defendants made the alleged defamatory statements with actual malice—"that is, with

---

[1] To be precise, because plaintiffs challenge written statements, their claims are for libel. *See Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (noting that defamation "consist[s] of the twin torts of libel and slander," and that "written defamatory words are libel" (internal quotation marks and citations omitted)).

5

knowledge that the statements were false or with reckless disregard as to their falsity." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). At the motion to dismiss stage, "a public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough facts to raise a reasonable expectation that discovery will reveal evidence of actual malice." *Id.* at 546 (alteration adopted) (internal quotation marks and citation omitted).

Plaintiffs challenge a number of defendants' statements that label plaintiffs in various ways as "anti-Semitic." Under New York law, these statements are nonactionable opinions. *See*, *e.g.*, *Silverman v. Daily News, L.P.*, 11 N.Y.S.3d 674, 675–76 (2d Dep't 2015) (holding that statements in articles referring to plaintiff's "racist writings" were nonactionable opinions); *Russell v. Davies*, 948 N.Y.S.2d 394, 395–96 (2d Dep't 2012) (holding that news stories describing plaintiff's essay as "racist" and "anti-Semitic" were nonactionable opinions); *see also, e.g.*, *Rapaport v. Barstool Sports Inc.*, No. 22-2080-cv, 2024 WL 88636, at *3 (2d Cir. Jan. 9, 2024) (summary order) (concluding that "accusations of racism and fraud are non-actionable because they lack a clearly defined meaning and, in this context, are incapable of being objectively proven true or false.").

Plaintiffs also challenge statements made by defendants interpreting Farrakhan's own statements. The challenged statements were either accompanied by disclosures of Farrakhan's actual statements or were based on Farrakhan's statements that were widely reported by the media. For example, the letter sent by Greenblatt to Ticketmaster, in which Greenblatt states that Farrakhan is "one of the most notorious antisemites in the country," quotes multiple statements made by Farrakhan and provides hyperlinks to two articles on ADL's website that contain additional statements by Farrakhan. App'x at 306–07. Similarly, the headline of an article challenged by plaintiffs—"Farrakhan Predicts Another Holocaust"—is accompanied by an

6

extensive quote from Farrakhan that, as the district court found, "could be fairly interpreted as a reference to the Holocaust." *Farrakhan*, 2024 WL 1484449, at *8. Those challenged statements therefore also constitute inactionable opinions. *See Elias*, 872 F.3d at 111 (dismissing defamation claims based on statements that "clearly represent [defendant's] interpretation of the Article based on the words in the Article and general knowledge" where "the statements do not imply that [defendant's] view is based on any undisclosed facts"); *Gisel v. Clear Channel Commc'ns, Inc.*, 942 N.Y.S.2d 751, 752 (4th Dep't 2012) ("Because [defendant's] statements were based on facts that were widely reported by [relevant] media outlets and were known to his listeners, it cannot be said that his statements were based on undisclosed facts."); *see also Cooper v. Franklin Templeton Invs.*, No. 22-2763-cv, 2023 WL 3882977, at *4 (2d Cir. June 8, 2023) (summary order) (rejecting plaintiff's argument that the challenged statements implied the existence of undisclosed facts because they were "based on the publicly available video of the incident" discussed in the statements).

Finally, plaintiffs challenge certain of defendants' factual statements. On *de novo* review, we agree with the district court that the SAC fails to sufficiently allege the falsity of those statements. We further agree with the district court that the SAC did not contain "facts that would raise a reasonable expectation that discovery will reveal evidence that Greenblatt or the ADL made the statement with knowledge of or reckless disregard as to the statement's falsity." *Farrakhan*, 2024 WL 1484449, at *8 (internal quotation marks and citation omitted).

In sum, we find that the district court, after analyzing each of the statements at issue in its thorough and well-reasoned opinion, correctly determined that none could serve as a plausible claim for defamation.

7

## III. Declaratory and Injunctive Relief

The district court did not abuse its discretion in declining to exercise jurisdiction over plaintiffs' claims for declaratory judgment. "The Declaratory Judgment Act by its express terms vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action or not." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003); *see* 28 U.S.C. § 2201(a). We have emphasized that the district court's discretion is "broad," and its exercise "is reviewed deferentially, for abuse of discretion." *Dow Jones*, 346 F.3d at 359. The district court properly exercised this broad discretion when it concluded that the requested declaratory judgments "would not serve a useful purpose" because each of plaintiffs' substantive claims failed to either establish standing or state a plausible claim. *Farrakhan*, 2024 WL 1484449, at *8; *see Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023) (stating that "whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved" is one factor a district court may consider in exercising this broad discretion (alterations adopted) (internal quotation marks and citation omitted)).

The district court also properly denied plaintiffs' request for injunctive relief. *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("[P]ermanent injunctions—*i.e.*, court orders that actually forbid speech activities—are classic examples of prior restraints."); *see also Citizens United v. Schneiderman*, 882 F.3d 374, 386 (2d Cir. 2018) ("[P]rior restraints constitute the most serious and the least tolerable infringement on our freedoms of speech and press." (internal quotation marks and citation omitted)).

\*     \*     \*

We have considered plaintiffs' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court